```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
COASTAL CAISSON CORP., as successor in  :
interest to BAUER OF AMERICA CORP.,     :   05 Civ. 7462 (DLC)
                                        :
            Petitioner,                 :
                                        :
       -v-                              :
                                        :
E.E. CRUZ/NAB/FRONTIER-KEMPER, A Joint  :
Venture, E.E. CRUZ & CO., INC., NAB     :
CONSTRUCTION CORPORATION, FRONTIER-     :   MEMORANDUM OPINION &
KEMPER CONSTRUCTION, INC., AETNA        :        ORDER
CASUALTY AND SURETY COMPANY and         :
TRAVELERS CASUALTY AND SURETY COMPANY,  :
                                        :
            Respondents.                :
                                        :
                                        :
----------------------------------------X
                                        :
E.E. CRUZ/NAB/FRONTIER-KEMPER, A Joint  :
Venture, E.E. CRUZ & CO., INC., NAB     :
CONSTRUCTION CORPORATION, FRONTIER-     :
KEMPER CONSTRUCTION, INC., AETNA        :   05 Civ. 7466
CASUALTY AND SURETY COMPANY and         :
TRAVELERS CASUALTY AND SURETY COMPANY,  :
                                        :
            Petitioners,                :
                                        :
       -v-                              :
                                        :
COASTAL CAISSON CORP., as successor in  :
interest to BAUER OF AMERICA CORP.,     :
                                        :
            Respondent.                 :
                                        :
----------------------------------------X
```

Appearances:

For E.E. Cruz/NAB/Frontier-Kemper, a
Joint Venture, E.E. Cruz & Co., Inc.,
NAB Construction Corp., Frontier-Kemper
Construction, Inc., Aetna Casualty and
Surety Co., and Travelers Casualty and
Surety Co.:

Franklin E. Tretter
Eugene H. Goldberg
McDonough Marcus Cohn Tretter Heller &
Kanca, L.L.P.

145 Huguenot Street
New Rochelle, New York 10801

For Coastal Caisson Corp., as successor
in interest of Bauer of America Corp.:

Tony Berman
Paul Monte
Berman, Paley, Goldstein & Kannry, LLP
500 Fifth Avenue
New York, NY 10110

DENISE COTE, District Judge:

On March 29, 2006, the United States Court of Appeals for the Second Circuit dismissed the appeal filed by E. E. Cruz and related parties (the "Joint Venture") from this Court's Order of October 18, 2005, vacating an arbitration award and remanding issues to the arbitrators for further determinations. A mandate, enforcing the March 29 dismissal, issued on April 19, 2006. The Joint Venture now moves for certification of an appeal pursuant to Title 28, United States Code, Section 1292(b).[1] Coastal Caisson Corp. ("Coastal") cross moves to compel the arbitrators to complete their work pursuant to the order of October 18.

The standard for certification is well established. Section 1292(b) provides in relevant part that

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a <u>controlling question of law</u> as to which there is substantial ground for difference of opinion and that

---

[1] In it opening brief, although not in its reply, the Joint Venture presents an argument for appealability under 9 U.S.C. § 16. Despite this discussion, the Joint Venture disclaims that its motion for certification rests on Section sixteen. In any event, to the extent that the Joint Venture also moves under Section, that application is also denied.

> <u>an immediate appeal from the order may materially advance the ultimate termination of the litigation</u>, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order.

28 U.S.C. § 1292(b) (emphasis supplied); <u>Karaha Bodas Co., L.L.C. v. Perusahaan Pertanbangan Minyak Dan Gas Bumi Negara</u>, 313 F.3d 70, 81 (2d Cir. 2002); <u>Haugh v. Schroeder Inv. Mgmt. North America, Inc.</u>, 02 Civ. 7955 (DLC), 2003 WL 21146667, at *2-3 (S.D.N.Y. May 14, 2003).

This statute is to be strictly construed, as the power to grant an interlocutory appeal "must be strictly limited to the precise conditions stated in the law," <u>Klinghoffer v. S.N.C. Achille Lauro</u>, 921 F.2d 21, 25 (2d Cir. 1990) (quoting <u>Gottesman v. General Motors Corp.</u>, 268 F.2d 194, 196 (2d Cir. 1959)), which is why "it continues to be true that only 'exceptional circumstances'" warrant certification, <u>id</u>. (quoting <u>Coopers & Lybrand v. Livesay</u>, 437 U.S. 463, 475 (1978)).

The Joint Venture identifies as the controlling question of law, the issue of whether the total cost method of proving damages in the context of a delay claim arising out of a construction contract is "well defined, explicitly and clearly applicable." Whether the arbitrators acted in manifest disregard of the law by failing to calculate Coastal's damages under the total cost method is one of the three issues presented by the parties' challenges to the underlying arbitration award.

The Joint Venture relies principally on <u>AEL Industries, Inc.</u>

3

v. Lorel Fairchild Corp., 882 F. Supp. 1477 (E.D. Pa. 1995), to support its claim that there is a substantial ground for a difference of opinion as to whether the total cost method should be applied in a case such as this when the arbitrators found that Coastal "had failed to present reliable evidence to permit" the calculation. Given this purported difference of opinion, the Joint Venture contends that it was error to find that the arbitrators acted in manifest disregard of the law. As already found in the bench opinion delivered by this Court last October 14, New York law on when total cost damages are to be applied and how they are to be applied is both well-settled and straight forward.

Finally, the Joint Venture contends that an appeal will spare the parties the cost of further arbitration. The Joint Venture has not shown that this is one of those exceptional cases where early appellate review will avoid protracted and expensive litigation. Upon remand, the arbitrators have to apportion delay damages based on the record already presented in arbitration. Neither Coastal nor the Joint Venture is arguing that the arbitration proceedings should be reopened for the submission of additional evidence. The arbitrators have already found that the Joint Venture breached its contract with Caisson and that the actions of both the Joint Venture and Caisson delayed the completion of the project.

## Conclusion

The motion by the Joint Venture for certification of an appeal is denied. The motion by Caisson requiring the arbitration to proceed pursuant to the October 18 Order is granted.

SO ORDERED:
Dated:   New York, New York
         June 8, 2006

_____
DENISE COTE
United States District Judge